# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RONALD W. GRIGG | ) | |
| --- | --- | --- |
| | ) | CIVIL ACTION NO. 3:13-292 |
| | ) | |
| Appellant/Debtor, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| BLAINE J. CHANEY, | ) | |
| | ) | |
| | ) | |
| Appellee/Creditor. | ) | |

## MEMORANDUM OPINION AND ORDER

I. **SYNOPSIS**

This matter comes before the Court on Appellant/Debtor's Notice of Appeal of the Bankruptcy Court's October 23, 2013 Order on Summary Judgment Motions (Adv. Case No. 12-07008-JAD, Doc. No. 282). (ECF No. 1). Appellant has also submitted to this Court a Motion to Withdraw the Bankruptcy Reference for bankruptcy case 11-71206 and adversary case 12-07008. (ECF No. 24).

The Bankruptcy Court below ruled in favor of the Creditor Mr. Chaney in the adversary case (Adv. No. 12-7008) in finding that the debts owed by Mr. Grigg to Mr. Chaney were nondischargeable. Mr. Grigg now asserts that this District Court is the proper forum for all proceedings going forward. (ECF No. 24 at 1).

For the reasons set forth below, this Court will dismiss Mr. Grigg's appeal without prejudice and deny his motion to withdraw the bankruptcy reference.

## II. JURISDICTION

This Court has jurisdiction to hear appeals from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a), which provides that:

> The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; […] of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

The appeal in this case is taken from the decision rendered by the Bankruptcy Court of the Western District of Pennsylvania. This Court therefore has jurisdiction to hear an appeal from the bankruptcy court's decision.

In addition, this Court may withdraw the bankruptcy reference pursuant to 28 U.S.C. § 157(d), which states that:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

## III. BACKGROUND

### A. Factual background

A detailed background to this case is provided in the Bankruptcy Court's memorandum opinions regarding Appellant Grigg's motions for relief, dated October 19,

2012 (Adv. No. 12-7008-JAD, Doc. No. 100), September 20, 2013 (Adv. No. 12-7008-JAD, Doc. Nos. 138, 139), October 23, 2013 (Adv. No. 12-7008-JAD, Doc. Nos. 121, 122 and 208), and November 6, 2013 (Adv. No. 12-7008-JAD, Doc. No. 275).

This Court adopts the facts as set forth in the Bankruptcy Court's October 19, 2012 memorandum opinion (Adv. No. 12-7008-JAD, Doc. No. 100). This case arose out of the parties' execution of a contingency fee agreement in conjunction with Ronald Grigg's legal representation of Blaine Chaney in his marital dissolution settlement. (*Id.* at 1). Mr. Chaney eventually became dissatisfied with Mr. Grigg's services and filed suit against Mr. Grigg and his employee Ms. Whitman in the Los Angeles Superior Court, with Judge Aurelio Munoz presiding. (*Id.* at 2). Mr. Chaney filed a Motion for Writ of Attachment, which was granted by the Honorable Victor Greenberg on September 27, 2006. (*Id.*). Judge Greenberg subsequently denied Mr. Grigg's Motion to Vacate the Writ of Attachment by an order entered on January 17, 2007 (the "Ancillary Order"). (*Id.*).

Mr. Grigg brought a Motion to Compel Arbitration and Stay the Litigation on October 6, 2006, which Judge Munoz granted on November 9, 2006. (*Id.*). Judge Munoz issued a Dismissal Order while arbitration was pending, holding that the case was ordered dismissed because it was in binding arbitration. (*Id.*). The Arbitrator issued its final arbitration award on November 20, 2008, stating that Mr. Grigg and Ms. Whitman's claims were denied, and awarding Mr. Chaney $2,389,969.31. (*Id.* at 3). In addition, Mr. Chaney applied and was granted an order to vacate Judge Munoz's earlier Dismissal Order. (*Id.*). The trial court eventually confirmed the arbitration award. (*Id.*).

3

The trial court entered judgment against Grigg consistent with the arbitration award, and in June 2010 granted Mr. Chaney's motion for a permanent injunction to aid in the enforcement of the judgment. (*Id.*). The Court of Appeal of the State of California issued an order affirming the trial court judgment on October 18, 2011. (*Id.* at 4). This order became final on November 17, 2011, pursuant to California Rules of Court, Rule 8.264(b)(1) ("a Court of Appeal decision in a civil appeal, including an order dismissing an appeal involuntarily, is final in that court 30 days after filing."). (*Id.* at 5, FN 1).

Mr. Grigg did not file a petition for rehearing or review in the California Supreme Court, but instead filed a voluntary Chapter 7 bankruptcy petition on December 5, 2011 in the Bankruptcy Court of the Western District of Pennsylvania, after the deadline for filing for appeal or review had elapsed. (*Id.* at 5). Mr. Chaney subsequently commenced an adversary proceeding in the bankruptcy court through the filing of a Complaint to Determine the Dischargeability of the Debt on April 17, 2012. (*Id.*). Mr. Chaney's complaint asserted that the debt owed by Mr. Grigg should be declared nondischargeable on grounds of breach of fiduciary duty, defalcation and fraud, pursuant to 11 U.S.C. § 523(a)(4). (*Id.*).

### B. The Bankruptcy Court's decision

The Bankruptcy Court's decisions in the underlying bankruptcy case (Bankruptcy No. 11-71206-JAD) and the adversary case brought by Chaney (Adv. No. 12-7008-JAD) are more fully spelled out in the above-referenced bankruptcy opinions. In summary, the Bankruptcy Court found in favor of Mr. Chaney in holding the debt owed by Mr. Grigg to be

nondischargeable. In his appeal to this Court, Mr. Grigg largely reiterates arguments brought before the Bankruptcy Court.

The Bankruptcy Court ruled in favor of Mr. Chaney's Motion for Summary Judgment, which asserted that all of the elements of nondischargeability had been met under 11 U.S.C. § 523(a)(4) (providing that a debt may be found nondischargeable "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny"). (Adv. No. 12-7008-JAD, Doc. Nos. 121, 122 and 208, at 31).

According to the Bankruptcy Court, in order to show defalcation, a creditor must show that: (1) a pre-existing fiduciary relationship existed between the debtor and the creditor; (2) the debtor acted in violation of that relationship; and (3) the creditor suffered an economic loss as a consequence. (Adv. No. 12-7008-JAD, Doc. Nos. 121, 122 and 208, at 5, citing *Pa. Lawyers Fund for Client Sec. v. Baillie (In re Baillie)*, 368 B.R. 458 (Bankr. W.D. Pa. 2007); *Commonwealth Land Title Co. v. Blaszak (In re Blaszak)*, 397 F.3d 389, 390 (6th Cir. 2005); *Rose v. Davis (In re Davis)*, 476 B.R. 191 (Bankr. W.D. Pa. 2012)).

The court found it indisputable that Mr. Grigg, as Mr. Chaney's attorney, owed him a fiduciary duty at common law. (Adv. No. 12-7008-JAD, Doc. Nos. 121, 122 and 208, at 7). Regarding the second prong, namely whether the debtor had acted in violation of his fiduciary duty, the Bankruptcy Court relied on the recent Supreme Court case of *Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754 (2013), which set forth the relevant test for determining the level of intent for a debt to be nondischargeable under 11 U.S.C. § 523(a)(4). The Supreme Court found that "defalcation" under the statute includes a culpable state of mind

5

requirement "as one involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." (133 S. Ct. at 1757).

The Bankruptcy Court relied on a number of factors in holding that Grigg had satisfied the state of mind required for "defalcation." The court considered the fact that the Arbitrator had found the contingency to be unconscionable, that Mr. Grigg had been on notice that the fees were being disputed at least as of the date of Mr. Chaney's filing of the complaint in state court, September 18, 2006, and that Mr. Grigg had subsequently failed to return the disputed money to the client trust account. (Adv. No. 12-7008-JAD, Doc. Nos. 121, 122 and 208, at 10-19). The court also found the arbitrator's failure to find a breach of fiduciary duty not to be preclusive under the facts of this case because the matter of breach of fiduciary duty had not actually been litigated in the arbitration. (*Id.* at 18-19). The Bankruptcy Court found that the attorneys' fees, sanctions, and costs were ancillary to the underlying judgment and therefore also nondischargeable. (*Id.* at 21).

Central to the Bankruptcy Court's refusal to exercise appellate jurisdiction over the California state court judgments regarding the validity of the contingency fee agreement was the court's reliance on the Rooker-Feldman doctrine. (Adv. No. 12-7008-JAD, Doc. No. 100, at 7). The Rooker-Feldman doctrine provides that a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. (*Id.* at 6, citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983)). The court found that it was barred from exercising appellate jurisdiction because Mr. Grigg had lost in the California state courts, complained of

injuries caused by the state court judgments which were rendered before his bankruptcy petition was filed, and requested that the Bankruptcy Court vacate the state court judgments. (Adv. No. 12-7008-JAD, Doc. No. 100, at 7).

The Bankruptcy Court also found that the Appellate Order issued by the California state court was a final order, and that it therefore had to be afforded the same full faith and credit as it had been afforded in California. (*Id.*). Further, the court found that res judicata and collateral estoppel applied to the issues that Mr. Grigg requested the court to collaterally attack. (*Id.* at 8-9). The court finally ruled that Mr. Grigg's motion to strike references to the Ancillary Order in Chaney's Complaint was denied without prejudice; and that any other relief requested in Mr. Grigg's Motion for Relief was denied. (*Id.* at 11).

IV. **STANDARD OF REVIEW**

This Court may exercise appellate jurisdiction over final judgments, orders and decrees entered by bankruptcy courts pursuant to 28 U.S.C. § 158(a)(1). Federal Rule of Bankruptcy Procedure 8013 provides that a reviewing court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." A bankruptcy court's legal determinations are reviewed de novo. *See American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). The Bankruptcy Court's factual findings are reviewed for clear error and its exercise of discretion for abuse thereof. *In re Trans World Airlines, Inc.*, 145 F.3d 124, 131 (3d Cir. 1998). Mixed questions of fact and law must be differentiated and reviewed under the appropriate

7

standard for each component. *See In re Montgomery Ward Holding Corp.,* 326 F.3d 383, 387 (3d Cir. 2003).

## V. ANALYSIS

This Court finds significant overlap in the arguments raised by Mr. Grigg in support of his appeal to this Court and in favor of his motion to withdraw the bankruptcy reference. (ECF No. 1 and ECF No. 24). This decision will focus on the central arguments made in Mr. Grigg's briefs.

### A. Grigg's arguments on appeal

The appeal and motion to withdraw come to this Court on the heels of a long history of protracted litigation in the California courts and the Bankruptcy Court below. Mr. Grigg raises a number of arguments that are largely reiterations of the arguments brought before the court below. This Court will deny relief to Mr. Grigg for the reasons given by the Bankruptcy Court below.

Mr. Grigg's overarching argument is that the bankruptcy reference should be withdrawn and the appeal granted because this Court is the best forum for dealing with the issues raised in this case. (ECF No. 24 at 1). The arguments raised in Mr. Grigg's brief in support of his motion to withdraw and in support of his appeal can be summarized as follows – first, he argues that the bankruptcy reference should be withdrawn because the District Court is the proper forum for deciding the issues in the case. (ECF No. 24 at 1-2). Second, and relatedly, he asserts that the Bankruptcy Court failed to determine whether the

proceedings were core or non-core proceedings. ([ECF No. 22 at 32](#)). Third, he claims that the lower court erroneously relied on the Rooker-Feldman doctrine to deny review of the state court judgment. ([ECF No. 22 at 5-12](#)). Finally, he argues that the proceedings brought by Mr. Chaney after Judge Munoz's granting of an Order of Dismissal in the California court and after the filing of the bankruptcy claim are invalid. He contends that Mr. Chaney engaged in forum shopping and fraudulent conduct by pursuing actions in the California courts after the filing of the bankruptcy claim. ([ECF No. 22 at 11](#)). He also argues that the ancillary writ proceedings brought in the California court were therefore invalid and should not have been relied upon in finding that Grigg had satisfied the state of mind required for defalcation under the Bankruptcy Act. ([ECF No. 22 at 12](#)).

### B. Withdrawal of the bankruptcy reference

A district court may refer bankruptcy cases to the bankruptcy court pursuant to 28 U.S.C. § 157(a), which states that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." The Bankruptcy Act divides all matters that may be referred to the bankruptcy court into "core" and "non-core" proceedings. According to 28 U.S.C. § 157(b)(1), "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." The Bankruptcy Act also provides for withdrawal of the bankruptcy reference under § 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Though the Third Circuit has not ruled on when withdrawal of a bankruptcy reference is mandatory pursuant to the statute, guidance may be found in the Second Circuit. The Second Circuit has found that withdrawal is mandatory when the case requires substantial and material consideration of non-Bankruptcy Code federal statutes for the resolution of the proceeding. *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990) (quoting *In re Ionosphere Clubs, Inc.*, 103 B.R. 416, 418–19 (S.D.N.Y. 1989)).

Mr. Grigg argues that the substantial and material consideration of non-bankruptcy statutes in the appeal of the adversary proceeding supports the withdrawal of the bankruptcy reference in this case. ([ECF No. 24 at 6](ECF No. 24 at 6)). Mr. Grigg's appeal asserts that his claims brought against Mr. Chaney are non-core claims. He argues that the claims that Mr. Chaney engaged in fraudulent acts, violated the automatic stay and improperly seized Appellant's funds are non-core. ([ECF No. 22 at 32](ECF No. 22 at 32)). However, the claims asserted by Mr. Grigg do not require consideration of federal statutes for resolution of the proceeding and do not require consideration of laws of the United States regulating organizations or activities affecting interstate commerce. Mr. Grigg has therefore not shown that withdrawal of the bankruptcy reference is mandatory here.

When withdrawal is not mandatory, the Bankruptcy Act provides that it is up to the court or the moving party to show cause for withdrawal of the case. *See* 28 U.S.C. § 157(d)

("on its own motion or on timely motion of any party, for cause shown."). In determining whether a party has shown cause for withdrawal, courts look to factors including (1) promoting uniformity of bankruptcy administration, (2) reducing forum shopping, (3) fostering economical use of resources, (4) expediting the bankruptcy process, and (5) timing of the request for withdrawal. *In Re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990) (quoting *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985); accord *Hatzel & Buehler, Inc. v. Central Hudson Gas & Electric Corp.*, 106 B.R. 367, 371 (D. Del. 1989)).

This Court begins by considering the timing of Mr. Grigg's motion to withdraw. The motion for withdrawal refers to both the underlying bankruptcy case (Bankruptcy No. 11-71206-JAD) and to the adversary case (Adv. No. 12-7008-JAD). ([ECF No. 24 at 1](#)). The Third Circuit has observed that there is an implicit timing element in considering motions for withdrawal, namely that after a core proceeding is finally disposed of by the bankruptcy court, the district court must proceed under its appellate jurisdiction. *In Re Pruitt*, 910 F.2d at 1168. Thus, withdrawal of a bankruptcy reference is appropriate where a case is still active in the bankruptcy court.

The underlying bankruptcy case was closed on April 3, 2014. The motion to withdraw that bankruptcy reference in the underlying bankruptcy case is therefore untimely because the case is no longer active before the Bankruptcy Court. The only remaining issue is whether Appellant has shown cause for withdrawal regarding the adversary case. The motion to withdraw was filed in March 2014, nearly two years after the adversary case had been filed in the Bankruptcy Court. (*See* Complaint to Determine the Dischargeability of the

11

Debt Owed to Blaine John Chaney, filed April 17, 2012, [ECF No. 2](#)). Mr. Grigg's significant delay in filing the motion to withdraw heavily supports a finding that it should not be granted.

The other factors considered in *In Re Pruitt* also support a finding that the motion should be denied. The motion to withdraw the bankruptcy reference in the adversary case is tied to this Court's determination of the present appeal. As the Third Circuit suggested, it is more appropriate for the District Court to proceed under its appellate jurisdiction in a case such as this one. *In Re Pruitt*, 910 F.2d at 1168. Granting the withdrawal would not promote the uniformity of the bankruptcy administration. It would merely encourage forum shopping and cause an inefficient use of resources. Moreover, the bankruptcy process would not be expedited since the Bankruptcy Court has already ruled on the issue of dischargeability.

In conclusion, all of the *In Re Pruitt* factors point towards a finding that the motion to withdraw the bankruptcy reference should be denied. The timing of the filing of the motion as well as the fact that the Bankruptcy Court has had ample time to familiarize itself with the case all support a finding that Mr. Grigg has not shown sufficient cause for withdrawal of the bankruptcy reference.

### C. Core and non-core proceedings

Related to the motion for withdrawal is the argument raised in Mr. Grigg's brief in support of his appeal, namely that the Bankruptcy Court erred in failing to determine on a

claim by claim basis whether the proceeding was core or non-core, and that he should be permitted additional fact finding. ([ECF No. 22 at 32](#)).

Under § 157(b)(1) of the Bankruptcy Act, the bankruptcy court may hear Title 11 cases and core proceedings. The Bankruptcy Court expressly found that it had subject matter jurisdiction over the matters pursuant to 28 U.S.C. § 1334, and that the matters were core proceedings pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(1) (Adv. No. 12-7008-JAD, Doc. No 100, at 1). In addition, Mr. Grigg informed the Bankruptcy Court that his claim was a core proceeding in his counterclaim, motion for summary judgment, two motions for relief and two motions for reconsideration. ([Docs. 73 at 39](#); [208 at 2 ¶2](#); [100 at 2](#); [138 at 2](#); [189 at 2](#); [275 at 2](#)). The motions filed by Mr. Grigg in the Bankruptcy Court, deeming the issues to be core proceedings, are the same issues he now asserts to be non-core proceedings. According to Rule 7008 of the Federal Rules of Bankruptcy Procedure, the parties in an adversary proceeding shall state in their complaint, counterclaim, cross-claim, or third-party complaint whether the proceeding is core or non-core. Under Rule 7012, a responsive pleading shall admit or deny an allegation that the proceeding is core or non-core. Since Mr. Grigg asserted at all times before the Bankruptcy Court that the proceedings were core, and therefore within the jurisdiction of the Bankruptcy Court, he cannot now assert that the proceedings were in fact non-core. Thus, this argument on appeal fails.

### D. The Bankruptcy Court's reliance on the Rooker-Feldman Doctrine

Mr. Grigg argues in his appeal that the Bankruptcy Court erroneously relied on the Rooker-Feldman doctrine as a reason to deny review of the decision rendered by the California state court. ([ECF No. 22 at 5](ECF No. 22 at 5)).

The Supreme Court in *Dist. of Columbia Court of Appeals v. Feldman* held that the United States District Court was without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983)). The Supreme Court recently found that the doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commended and inviting strict district court review of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

The Bankruptcy Court found that it was barred by the Rooker-Feldman doctrine from exercising appellate jurisdiction over the California state court judgments because Mr. Grigg had lost in state court, was complaining of injuries caused by the state court judgments which were rendered before Mr. Grigg's bankruptcy petition was filed, and requested that the Court vacate such state court judgments (Adv. No. 12-7008-JAD, Doc. No. 100 at 7). In dismissing Mr. Grigg's argument that the California Court of Appeal's decision lacked finality, the Bankruptcy Court pointed to the California Rules of Court ("[e]xcept as otherwise provided in this rule, a Court of Appeal decision in a civil appeal, including an

order dismissing an appeal involuntarily, is final in that court 30 days after filing." Cal. Rules of Court, Rule 8.264(b)(1). Pursuant to this rule, the appellate court decision had become final by November 17, 2011, 30 days after its decision had been rendered. Mr. Grigg did not seek rehearing or review in the Supreme Court of California.

This Court agrees with the Bankruptcy Court's determination and finds that Mr. Grigg's argument that Rooker-Feldman does not apply because the California court's judgment was not yet final as of the time of filing the bankruptcy claim is without merit.

Mr. Grigg further argues that Rooker-Feldman does not apply because the underlying judgment rendered by the California court was void. This Court also agrees with the Bankruptcy Court's finding that the judgment rendered by the California court was not void. As the Bankruptcy Court notes, the Dismissal Order granted by Judge Munoz was subsequently vacated and the case restored to the civil active list. (Adv. No 12-7008-JAD, Doc. No. 100, at 3). The California court subsequently confirmed the arbitration award. (*Id.*). The underlying judgment in the California court was therefore not void.

Mr. Grigg also alleges that Mr. Chaney violated the procedures set out in California Code of Civil Procedure § 1008. However, as the Bankruptcy Court found, Mr. Grigg has not provided evidence why this federal court should apply the California Code of Civil Procedure § 1008 in this case. (Adv. No. 12-07008-JAD, Doc. No. 100, at 10). The Bankruptcy Court noted that the requested application of California Code of Civil Procedure § 1008(d) to vacate all orders inconsistent with those issued by Judge Munoz, which includes all subsequent orders issued by the California Superior Court and the Court of Appeal, should

15

be denied because the language in the provision is permissive and only applies to the court having issued the order (Adv. No 12-7008., Doc. No. 100, at 9). This Court agrees with the Bankruptcy Court's finding on that issue.

Mr. Grigg has not satisfied the Court that the Rooker-Feldman doctrine does not apply in this case, and therefore has not made a sufficiently strong showing for granting an appeal on those grounds.

### E. Subsequent proceedings in the California courts

Mr. Grigg argues that the Bankruptcy Court was in error to rely on the subsequent proceedings in the California state courts to find that he had engaged in defalcation. He argues that Appellee has not shown sufficient evidence of "defalcation" for purposes of proving nondischargeability of his debt in bankruptcy, pursuant to 11 U.S.C. § 523(a)(4). ([ECF No. 22 at 22](ECF No. 22 at 22)). This Court finds that the Bankruptcy Court was entitled to rely on the ancillary proceedings to find evidence of Appellant's state of mind for purposes of establishing defalcation. As the Bankruptcy Court set forth, Mr. Grigg was on notice that the Arbitrator had found the contingency fee agreement unconscionable. In addition, he was aware of the dispute at least as of the date that he filed a complaint. (Adv. No. 12-07008-JAD, Doc. No. 121, at 16-19). The Bankruptcy Court was correct in finding that the required state of mind for defalcation could be proven on the basis of the arbitrator's findings and Appellant's subsequent conduct.

**F. Related cases**

It is clear from the foregoing discussion that the present case is ill-suited for an appeal to this Court. The relevant facts happened in California, and the case only came on appeal before this Court because Grigg filed for bankruptcy in the Bankruptcy Court for the Western District of Pennsylvania. Grigg's brief references the alleged fraud perpetrated by the Arbitrator, O'Brien, against whom he had brought a separate suit. That case has since been transferred to the California court. (*See* Memorandum Opinion and Order, April 11, 2014, [ECF No. 46](ECF No. 46)). The transfer of that case back to California is a further indication that this Court should not exercise its appellate jurisdiction over this case.

## VI.  CONCLUSION

The entire proceedings in this case were heard in California state court. This Court is faced with Grigg's appeal and motion to withdraw bankruptcy reference simply because he filed for bankruptcy in the Bankruptcy Court in the area where he is living. The case has been before the Bankruptcy Court since 2011 and was previously before the California courts for a number of years. Those courts have had the opportunity to familiarize themselves with the case at hand. This Court therefore finds that an appeal should not be granted and the reference not withdrawn. The Court's interest in promoting judicial economy and discouraging forum shopping support a finding that the motion and appeal should be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RONALD W. GRIGG | ) | |
|---|---|---|
| | ) | |
| | ) | CIVIL ACTION NO. 3:13-292 |
| Appellant/ Debtor | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| BLAINE J. CHANEY, | ) | |
| | ) | |
| | ) | |
| Appellee/Creditor. | ) | |

## ORDER

NOW, this 10th day of November, 2014, it is hereby ordered that the motion to withdraw bankruptcy reference (ECF No. 24) filed by Appellant Ronald W. Grigg is DENIED.

It is further ordered that the appeal from the bankruptcy court (ECF No. 1) is DENIED.

This case shall be marked as closed.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE